UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24033-CV-SCOLA
MAGISTRATE JUDGE REID

KEVIN JORDAN,

      Plaintiff,

v.

CARLOS GIMENEZ,
MAYOR OF MIAMI-DADE
COUNTY, FLORIDA,

      Defendant.

_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Plaintiff, **Kevin Jordan**, who is currently confined at the Florida Civil Commitment Center, has filed a *pro se* civil rights amended complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant is violating Fla. Stat. § 775.215, and thus his rights under the Fourteenth Amendment by implementing the "Lauren Book City Ordinance" ("Lauren Book Ordinance"). *See* [ECF 4].

This cause has been referred to the undersigned for Report and Recommendation on any dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF 2].

Plaintiff is a civil detainee and is not a prisoner for the purposes of the Prison

Litigation Reform Act. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). However, Plaintiff has been granted permission to proceed *in forma pauperis* ("IFP") [ECF 8], and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP.").

Accordingly, as discussed below, the Court **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** pursuant to § 1915(e)(2)(B)(ii). Plaintiff fails to state a claim on which relief may be granted, as Plaintiff lacks constitutional standing to bring this cause of action.

## II. Plaintiff's Allegations

Liberally construing Plaintiff's Amended Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff appears to be challenging the constitutionality of the Lauren Book Ordinance. *See* [ECF 4].

Plaintiff is currently at the Florida Civil Commitment Center and gives no indication of a prospective release date. *See* [*Id*.]. In his Amended Complaint, Plaintiff alleges that Defendant is violating Fla. Stat. § 775.215, and the Fourteenth Amendment of the United States Constitution by approving, adopting, and enforcing the Lauren Book Ordinance. [*Id*. p. 2].

The Lauren Book Ordinance restricts persons who have been convicted of a

violation of Fla. Stat. § 794.011 from residing within 2,500 feet from any school, child care facility, park, or playground, regardless of the persons date of conviction. [*Id.*] On the other hand, Fla. Stat. § 775.215 restricts persons who have been convicted of violating Fla. Stat. § 794.011 from residing within 1,000 feet from any school, child care, facility, park, or playground, but only if the offense occurred on or after October 1, 2004. [*Id.*].

Plaintiff alleges that he was "convicted of a sexual battery offense under Fla. Stat. § 794.011, prior to October 1, 2004[, and] therefore, he may reside anywhere in the State of Florida and no living restriction may be imposed upon him." [*Id.*] Accordingly, Plaintiff is requesting that the Lauren Book Ordinance "be declared Unconstitutional" because it allegedly violates Fla. Stat. § 775.215, and "the Fourteenth Amendment of the United States Constitution, on its face and as applied." [*Id.* p. 3].

Plaintiff also seeks a "permanent injunction to cease and desist the enforcement of 'the Lauren Book City Ordinance' since it violates [section] 775.215, Florida Statutes, on its face and as applied, and the Fourteenth Amendment of the United States Constitution." [*Id.*].

Construing Plaintiff's Complaint liberally, it appears that Plaintiff is requesting declaratory relief and a permanent injunction.

Plaintiff's complaint consists of vague and conclusory allegations and he does

not allege whether Defendant has violated his substantive due process rights, his procedural due process rights, or his equal protection rights under the Fourteenth Amendment of the United States Constitution. However, regardless of whether Plaintiff has failed to allege under which avenue of the Fourteenth Amendment he brings this cause of action, Plaintiff lacks standing to bring this claim.

### III. Standard of Review

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the court may dismiss a complaint that fails "[t]o state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). To "[a]void dismissal for failure to state a claim, a complaint must

4

contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)) (*per curiam*).

Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*per curiam*). However, although a *pro se* pleading is liberally construed, it still must "suggest that there is some factual support for a claim." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "[l]imited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Finally, under section 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory . . ." or "[w]hose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

## IV. Discussion

1. <u>Applicable Law</u>

"As a requirement of Article III, a party must suffer injury or come into immediate danger of suffering an injury before challenging a statute*." Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999). "In order to establish standing, a plaintiff must show that (1) there is an 'injury in fact,' (2) the injury is causally traceable to the defendant, and (3) the plaintiff's injury can be redressed by a favorable decision." *Waldman v. Conway*, 871 F.3d 1283, 1293 (11th Cir. 2017) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

To "invoke jurisdiction, a plaintiff must demonstrate that he has suffered an injury in fact,'" meaning "an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Ga. Latino Alliance for Human Rights v. Governor of Ga.*, 691 F.3d 1250, 1257 (11th Cir. 2012) (quoting *Bennett v. Spear* 520 U.S. 154, 157 (1997).

If a plaintiff does not establish standing, the case is not a case or controversy under Article III and federal courts lack jurisdiction over it. *Id*.

A pre-enforcement challenge is a lawsuit brought to challenge a law that has not yet been enforced against the challenger. *See Susan B. Anthony v. Dreihaus*, 572 U.S. 149, 149 (2014). Courts allow pre-enforcement challenges under two circumstances: (1) when enforcement is "certainly impending" or a "substantial risk"; or (2) when the law presently injures the citizen. *Id* at 158.

6

Where a plaintiff files a pre-enforcement constitutional challenge, it is not necessary for the plaintiff to subject himself to arrest or prosecution to suffer the requisite injury in fact. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). The injury requirement may be satisfied by establishing a "realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." "A plaintiff may meet this standard by alleging: (1) that the plaintiff was threatened with application of the statute; (2) application of the statute is likely; or (3) there is a credible threat of applying the statute. *Id*.

2. <u>Legal Analysis</u>

Plaintiff lacks constitutional standing to bring this cause of action. He has not specifically alleged in his Amended Complaint (1) that he will reside within the area restricted by the Lauren Book Ordinance; (2) that he has been given notice that he will be prevented from living within the area restricted by the Lauren Book Ordinance; or (3) that he even has a prospective release date from civil confinement. *See* [ECF 4]. Accordingly, he has not demonstrated that he has suffered an injury in fact. *See Ga. Latino Alliance for Human Rights,* 691 F.3d at 1257.

In *John Doe #1 v. Miami Dade-County, Fla. Dep't of Corr.*, 846 F.3d 1180, 1182 (11th Cir. 2017), Plaintiffs brought an action against Defendants, alleging that the Lauren Book City Ordinance violated the Ex Post Facto clauses of the federal and Florida Constitutions. The Court found that Miami-Dade County's residency

restriction imposed a direct restraint on plaintiffs' freedom to select or change residences, and reversed and remanded the District Court's grant of the county's motion to dismiss. *Id.* at 1185. However, the instant case is distinguishable. In *John Doe #1*, Plaintiffs had standing because they were homeless and the County's residency restriction severely limited their housing options. *Id.*

Here, Plaintiff is currently in civil confinement and gives no indication of a prospective release date and Plaintiff has not shown that he has been threatened with application of the ordinance. Therefore, unlike the Plaintiffs in *John Doe #1*, Plaintiff has not been threatened with application of the Lauren Book Ordinance. *Id.* at 1185.

Second, Plaintiff has not alleged that the Lauren Book Ordinance is likely to be applied to him. In *Duarte v. City of Lewisville, Texas*, 759 F.3d 514, 517 (5th Cir. 2015), Plaintiffs alleged that they were foreclosed from moving to a new residence because of an ordinance that prohibits registered sex offenders from residing within 1,500 feet of "where children commonly gather." The Court found that plaintiffs had standing, as plaintiffs had established that they had concrete plans to reside in the area impacted by the City Ordinance. *Id.* There, the plaintiffs had demonstrated that they had contacted the Lewisville County Sex Offender Registrar as least nine times to inquire about potential residences, six of which were restricted. *Id*. at 518.

Unlike in *Duarte*, Plaintiff has not pled facts sufficient to show that application of the Lauren Book Ordinance is likely. Plaintiff has not shown that he has concrete plans to live in any area restricted by the Lauren Book Ordinance, and he has also been given no prospective release date from civil confinement.

In *Lujan v. Defenders of Wildlife*, 504 U.S. 550, 560 (1992), the court held that plaintiff's lacked standing to challenge the Secretary of the Interior's refusal to extend the Endangered Species Act protections to animals abroad. In *Lujan*, the Court dismissed the case because the individual plaintiffs expressed merely "some day" intentions and failed to produce evidence on summary judgment of "concrete plans" to visit the endangered animals abroad. *Id*.

Here, Plaintiff has not shown concrete plans, nor even "some day" intentions to reside within any area restricted by the Lauren Book Ordinance. Therefore, Plaintiff has not alleged that application of the ordinance is likely.

Lastly, Plaintiff fails to show any actual injury which can be redressed by a favorable decision. Plaintiff fails to allege any credible threat of the Lauren Book Ordinance being applied to him. Plaintiff does not allege that he will reside within any area restricted by the Lauren Book Ordinance or that he has been threatened with an arrest if he does. Therefore, Plaintiff has not shown that there is any actual injury redressable by a favorable decision.

As such, the Court finds that Plaintiff lacks constitutional standing, and therefore fails to state a claim upon which relief may be granted.

3. Plaintiff's Request for Permanent Injunction

"To obtain a permanent injunction, a plaintiff must show that (1) he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weigh in his favor; and (4) that a permanent injunction would not disserve the public interest. *Barrett v. Walker Cty. Sch. Dist.*, 872 F.3d 1209, 1230 (11th Cir. 2017) (citing *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006)).

Here, the Court recommends that Plaintiff's Amended Complaint be dismissed because Plaintiff fails to state a claim upon which relief may be granted. Therefore, Plaintiff does not meet the heightened requisite standard to obtain a permanent injunction.

4. Plaintiff's Request for Declaratory Relief

Plaintiff is requesting that the Lauren Book Ordinance "be declared Unconstitutional" because it allegedly violates section 775.215, Florida Statutes, and "the Fourteenth Amendment of the United States Constitution, on its face and as applied." [ECF 4, p. 3]. Construing Plaintiffs Amended Complaint liberally, as best can be discerned, it appears that Plaintiff is seeking declaratory relief.

A federal district court is empowered to issue a declaratory judgment by the

Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Section 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

That statute, echoing the "case or controversy" requirement of Article III of the Constitution, provides that a declaratory judgment may only be issued in the case of an "actual controversy." *Emory v. Peeler*, 756 F. 2d 1547, 1551-52 (11th Cir. 1985). "That is, under the facts alleged, there must be a substantial continuing controversy between parties having adverse legal interests." *Emory*, 756 F. 2d at 1552 (citations omitted).

A finding that there is a continuation of the dispute may be reasonably inferred. *See Id*. However, that "continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate and create a definite, rather than speculative threat of future injury." *Id*. A "remote possibility" of "future injury" is not enough. *Id*.

Here, as demonstrated above, there is no substantial continuing controversy between the parties having adverse legal interests. Any continuing controversy would be conjectural, hypothetical, or contingent. Thus, Plaintiff has not

demonstrated the necessary requisite for the Court to enter a declaratory injunction or judgment.

## V. Recommendations

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's Amended Complaint [ECF 4], be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**SIGNED** this 14th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   **Kevin Jordan**
      991353
      Florida Civil Commitment Center
      13619 South East Highway 70
      Arcadia, Florida 34266
      PRO SE

12